IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN SHANE SATTERLY,           )
                                 )
Plaintiff,                       )
                                 )
vs.                              )    CAUSE NO. 3:14-CV-1588
                                 )
ROBERT LAND, and TARI WOLFE,     )
                                 )
Defendants.                      )

## OPINION AND ORDER

This matter is before the court on the amended complaint filed by Steven Shane Satterly, a *pro se* prisoner, on July 10, 2014. For the reasons set forth below, the Court: (1) **GRANTS** Steven Shane Satterly leave to proceed on a Fourteenth Amendment claim for a denial of dental care from May until September 2012, by Nurse Tari Wolfe in her individual capacity for compensatory damages; (2) **DISMISSES** Sheriff Robert Land; (3) **DISMISSES** all other claims; (4) **DIRECTS** the Clerk to transmit the summons and USM-285 for Nurse Tari Wolfe to the United States Marshals Service along with a copy of the complaint and this order; (4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Tari Wolfe; and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Tari Wolfe respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

On May 29, 2012, Steven Shane Satterly was a pre-trial detainee at the Wabash County Jail when he notified Nurse Tari Wolfe that he had a painful, broken molar and cavities. DE 7-1 at 1. In response, she told him that the jail did not have a dentist. *Id.* Satterly alleges that for months she never provided him with any medical treatment for his teeth. Satterly sent grievances and other documents (including a tort claim notice) to Sheriff Robert Land, but never received a response. Nevertheless, Sheriff Land sent him to a dentist on August 16, 2012, who prescribed antibiotics. However, Satterly alleges that Nurse Wolfe prevented him from obtaining any antibiotics. On September 25, 2012, Sheriff Land sent him to another dentist who pulled his teeth.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A claim has

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Satterly was a pretrial detainee. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the

same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Satterly has plausibly alleged that his dental problems were a serious medical need.

"[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Moreover, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Here, Satterly has not plausibly alleged that Sheriff Robert Land was deliberately indifferent. "If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *quoting Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Satterly was under the medical care of Nurse Wolfe. Though Satterly wrote to Sheriff Land to complain about the nurse, that alone is insufficient to make him financially liable.

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a

> single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. That is equally true for an inmate complaint examiner.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (citation omitted). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ." *Id.* at 596. Moreover, though Sheriff Land did not provide a written response to Satterly, he did not sit idly by and ignore his complaints either. Rather, he twice sent him to a dentist. Therefore Satterly has not stated a claim against Sheriff Land.

However, Nurse Wolfe is different. Satterly alleges that from May until September 2012, she never provided him with any medical treatment and that she prevented him from obtaining antibiotics that were prescribed by a dentist. Based on these allegations, he has stated a claim against Nurse Wolfe. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

Nevertheless, deliberate indifference is a high standard and though Satterly has plausibly alleged that Nurse Wolfe was deliberately indifferent, there are many factual details he has not provided. Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Furthermore, the Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Thus if Satterly refused to be seen by Nurse Wolfe or if he refused to pay (or incur the obligation to pay in the future) for the treatment provided, then he was not being denied medical care. Rather, he was refusing it and she was not deliberately indifferent. *Cf. Freeman v. Berge*, 441 F.3d 543 (7th Cir. 2006) (An inmate cannot create a Constitutional violation by refusing to comply with reasonable conditions for receiving food.)

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Steven Shane Satterly leave to proceed on a Fourteenth Amendment claim for a denial of dental care from May until September 2012, by Nurse Tari Wolfe in her individual capacity for compensatory damages; (2) **DISMISSES** Sheriff Robert Land; (3) **DISMISSES** all other claims; (4) **DIRECTS** the Clerk to transmit the summons and USM-285 for Nurse Tari Wolfe to the United States Marshals Service along with a copy of the complaint and this order; (4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Tari Wolfe; and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Tari Wolfe respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

DATED: July 21, 2014                    /s/RUDY LOZANO, Judge
                                                  United State District Court