**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| STEVEN SHANE SATTERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-1588 |
| | ) | |
| ROBERT LAND, AND TARI WOLFE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on the summary judgment motion filed by Tari Wolfe on March 22, 2016. For the reasons set forth below, the motion for summary judgment (DE 36) is **DENIED IN PART** as to the claims that Nurse Tari Wolfe denied Steven Shane Satterly dental care in violation of the Fourteenth Amendment from May 30, 2012, to July 31, 2012. The motion is **GRANTED** as to all other claims.

BACKGROUND

Steven Shane Satterly was a prisoner at the Wabash County Jail in 2012 when the events giving rise to this complaint occurred. He filed this case *pro se* pursuant to 42 U.S.C. § 1983 and was granted leave to proceed on a Fourteenth Amendment claim for compensatory damages for a denial of dental care by Nurse Tari Wolfe in her individual capacity from May until September 2012.

When the court screened the complaint pursuant to 28 U.S.C. § 1915A, it applied the same deliberate indifference standard applicable to Eighth Amendment cases. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) ("Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment.").

The Defendant filed a summary judgment motion applying that test, but after *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466 (2015), was decided, the court asked for rebriefing because it appeared that all pre-trial detainee claims under the Fourteenth Amendment might be subject to the test in *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The defendant did so, but argues that the *Bell* test is not applicable. After this motion was fully briefed, the Seventh Circuit clarified that *Kingsley* only applies to excessive force claims and did not change the test for denial of medical treatment claims such as this one.[1] Therefore the court

---

[1] *See Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016). ("The Eighth Amendment's ban on 'cruel and unusual punishments' requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care." *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). We note that some members of the class are pretrial detainees and that "the Eighth Amendment applies only to convicted persons." *Id.* at 831. However, in this context, the present case law holds that "pretrial detainees ... are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, we apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth

will apply the same Eighth Amendment standards to this Fourteenth Amendment claim that were cited in the screening order. *See* DE 8.

DISCUSSION

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

As a preliminary matter, the Defendant argues that the court should not consider any facts presented by Satterly in his reply brief because it was not formatted as required by Local Rule 56-

---

Amendment." *Id.; see also Smentek*, 683 F.3d at 374. *But see Kingsley v. Hendrickson*, --- U.S. ----, 135 S.Ct. 2466, 2475, 192 L.Ed.2d 416 (2015) (holding that there are different standards for sentenced prisoners and pretrial detainees in the case of excessive force claims).)

3

1. Technical defects such as that do not invariably preclude the court from considering the facts presented by Satterly.[2] However, because the outcome of this summary judgment motion would not be different even if the court considered Satterly's disputed facts, it is unnecessary to do so.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Nevertheless, deliberate indifference is a high standard and even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

---

[2] Pursuant to Federal Rule of Civil Procedure 56(e), the court has numerous options "[i]f a party fails to properly support an assertion of fact [including] giv[ing] an opportunity to properly support or address the fact . . . ."

On May 29, 2012, Satterly submitted a Medical Request form stating: "I broke a molar tooth on a pork/beef fritter sandwich. I now have two molar teeth with cavities and they hurt very much. I'm not paying $15.00 for nothing. I need to see a dentist." DE 37-2 at 14. Later that day, Nurse Tari Wolfe examined him, gave him Ibuprofen, and explained "[t]he jail's dental procedure was that an appointment to see a dentist outside the jail could be made, but that the inmate or his family had to arrange to pay for it." DE 37-1 at 2. "Mr. Satterly informed [her], 'my family shouldn't have to pay.'" *Id*. Her contemporaneous notes show that she assessed and documented his condition. DE 37-2 at 13. She took his temperature and weight. She noted that the rear of tooth 19 was missing, but there was no sign of infection. She recorded giving him medication and advising him of the jail's dental policy. There was nothing deliberately indifferent about her response on May 29, 2012.

The next day, she wrote on his Medical Request form: "We do not have a dentist who comes to this jail." DE 37-2 at 14. That statement was not responsive to his need for healthcare. His need for dental treatment was not conditioned upon whether he went to the dentist or the dentist came to him. In light of her examination of him and conversation with him the previous day, no reasonable juror could find that she was deliberately indifferent based solely upon what happened on those two days. However, when combined with

5

subsequent events, a reasonable juror could find that was the beginning of her being deliberately indifferent.

After she left work on May 30, 2012, Satterly wrote an Inmate Grievance. "I have a broken tooth and I'm in severe pain. I filled out a medical request to see a dentist and the response I received was 'we do not have a dentist who comes to this jail.' This is unacceptable. I have at least 4 more months here. I need a dentist A.S.A.P. I will contact the A.C.L.U. if I need to. All I want is my tooth fixed." DE 37-2 at 11. Nurse Wolfe did not see that grievance until she returned to work on June 5, 2012. When she returned, she wrote a response. Because she was not at the jail for several days, no reasonable juror could find that she was deliberately indifferent merely because she did not respond sooner.

However, on June 5, 2012, she wrote, "If you need to see a dentist, the condition HAS to be assessed and documented by medical – per policy. This is a charged medical visit." DE 37-2 at 11. This response is confusing. To the extent that Satterly needed to have a documented assessment, it appears that Nurse Wolfe did one on June 29, 2012. *See* DE 37-2 at 13. Her response appears to be telling him that he has to do what he has already done. It is possible that a reasonable juror could find that the creation of such an obstacle was deliberately indifferent. Though Satterly had previously refused to pay, nothing in this grievance mentioned

6

cost. To the extent that he should have (but did not) pay for that prior examination, Nurse Wolfe makes no mention of that being a reason why the prior documented assessment of his dental problem would not qualify under the policy. Though a reasonable juror might not be convinced that this was proof of deliberate indifference, it is possible that a reasonable juror could be – particularly in light of the fact that she did not see him again until July 31, 2012. DE 37-1 at 3.

Nurse Wolfe has presented undisputed evidence that during the next two months she obtained approval from jail officials for a dental visit and contacted dentists to find one who would see Satterly. This evidence, if presented at trial, could influence a juror to believe that she was not being deliberately indifferent. However, even with such evidence, the court cannot conclude that no reasonable juror could find for Satterly. It is her undisputed testimony is that she waited two months for him to complain again even though her last message to him was that he had to re-do an assessment which she had already done. DE 37-1 at 3. Perhaps Satterly should have complained more frequently and more intensely. How jurors will weigh these facts is unknown, but it is not for the court to make this decision on summary judgment. Reasonable jurors could find for the defendants, but because it would not be unreasonable for a juror to find for Satterly, the court will not grant summary judgment on his claim that Nurse Wolfe

7

was deliberately indifferent to his need for dental treatment from May 30, 2012, to July 31, 2012.

The undisputed evidence shows that on July 31, 2012, Nurse Wolfe examined him again. DE 37-2 at 10. She contacted the doctor, provided Satterly with pain medication, and scheduled a dentist appointment. DE 37-1 at 4. She then followed the treatment decisions of the doctor and dentists who provided care for him. DE 37-1 at 4-5. No reasonable juror could find that her actions after July 31, 2012, were deliberately indifferent. Though his dental treatment was delayed and he was dissatisfied with the pain management he received, there is no indication that Nurse Wolfe was liable for any of those events. Even if the court were to consider the facts in Satterly's reply brief, he has provided nothing which would create a genuine issue of fact about the events occurring after July 31, 2012.

Satterly was originally granted leave to proceed on a claim for a denial of medical treatment from May to September. However this summary judgment motion has clarified that Nurse Wolfe was not deliberately indifferent before May 30, 2012, nor after July 31, 2012. Therefore the motion for summary judgment will be granted as to Satterly's claims before and after those dates. However, the motion for summary judgment will be denied and Satterly may proceed on the question of whether Nurse Wolfe denied him dental care in

violation of the Fourteenth Amendment from May 30, 2012, to July 31, 2012.

Satterly is proceeding only on a claim for compensatory damages. In light of this ruling, the parties are encouraged to seriously consider settlement options before preparing for trial. Trials have costs and uncertainties for both plaintiffs and defendants. Given the facts of this case, reasonable jurors could find for either the plaintiff or the defendant. Settlement is a way to reduce costs and eliminate uncertainties. Because Satterly is indigent and cannot afford to pay for a mediator, the court would consider referring this case to a magistrate judge for mediation if the parties cannot reach a settlement on their own.

CONCLUSION

For the reasons set forth above, the motion for summary judgment (DE 36) is **DENIED IN PART** as to the claims that Nurse Tari Wolfe denied Steven Shane Satterly dental care in violation of the Fourteenth Amendment from May 30, 2012, to July 31, 2012. The motion is **GRANTED** as to all other claims.

**DATED: February 15, 2017**               /s/Rudy Lozano, Judge
                                            **United States District Court**

9